UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**LAKESIDE OIL, INC.,**
   **Plaintiff,**

  **v.**              Case No. 09C0030
**DAVID VERNIER, BRANDEX, INC.,**
**FASGAS, INC., GRADE A-1 STOP, INC.,**
**and REDIGO CORP.,**
   **Defendants.**

---

## DECISION AND ORDER

Plaintiff Lakeside Oil Co., Inc., a wholesale distributor of gasoline and related products, brought this action for fraud, conversion and issuance of worthless checks against defendant David Vernier and several gasoline stations owned by Vernier in state court. Defendants removed the case based on diversity of citizenship. Plaintiff is a Wisconsin corporation whose principal place of business is Wisconsin, and defendants are a Michigan citizen and several Michigan corporations whose principal place of business is Michigan. Before me now is plaintiff's motion for summary judgment, to which defendants failed to respond.

The facts giving rise to the action are as follows: plaintiffs supplied fuel to defendants. In September 2006, plaintiff advised Vernier that defendants had fallen behind on their obligations to plaintiff and that plaintiff could not continue to deliver fuel until defendants brought their accounts current. Vernier assured plaintiff that defendants would do so. Subsequently, Vernier signed thirty-six checks on behalf of the corporate defendants (from five accounts with four financial institutions) as payment for past-due invoices totaling $162,572.37. Plaintiff deposited the checks and resumed delivering fuel

to defendants, delivering fuel worth $217,986.33. Soon after, plaintiff's bank notified plaintiff that defendants had stopped payment on the checks. Plaintiff learned that Vernier had insufficient funds to cover the checks, had stopped payment to avoid being charged with check kiting and had issued the checks to induce plaintiff to resume delivering fuel despite knowing that he could not cover them.

Summary judgment is required "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In evaluating plaintiff's motion, I take all facts and reasonable inferences therefrom in the light most favorable to plaintiff. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The fact that defendants failed to respond to plaintiff's summary judgment motion does not affect plaintiff's burden of proof. Cooper v. Lane, 969 F.2d 368, 371 (7th Cir. 1992). Finally, I apply Wisconsin law to the substantive issues presented by the motion.

To prevail on its conversion claim, plaintiff must establish that defendants intentionally took its property, without consent, and seriously interfered with its rights to the property. H.A. Friend & Co. v. Prof'l Stationery, Inc., 294 Wis. 2d 754, 763 (Ct. App. 2006). If plaintiff establishes these elements, it "may recover the value of the property at the time of the conversion plus interest to the date of the trial." Traeger v. Sperberg, 256 Wis. 330, 333 (1950). Plaintiff is entitled to summary judgment on its conversion claim. Defendants intentionally took plaintiff's fuel by ordering and accepting deliveries of fuel without paying for it. They did so without plaintiff's consent because plaintiff delivered the fuel contingent

on defendants' paying for it. Finally, defendants sold the fuel, seriously interfering with plaintiff's rights.

In order to prevail on its fraud claim, plaintiff must show that defendants made a false representation with the intent to defraud and that it relied on the misrepresentation to its detriment. Ins. Co. of N. Am. v. Universal Mortgage Corp., 82 Wis.2d 170, 175 (1978). Plaintiff is entitled to summary judgment on this claim. Defendants represented that they would pay their delinquent balances. This representation was false because defendants knew when they made it that they had insufficient funds to pay such balances. Further, defendants made the representation in order to induce plaintiff to make additional deliveries of fuel, and plaintiff relied on the representation and made such deliveries.

In order to prevail on its worthless check claim, a plaintiff must show that defendants issued checks in violation of Wis. Stat. § 943.24[1] or § 943.245(6)[2] and knew or should have known that the checks were worthless. Wis. Stat. § 943.245(1m). Plaintiff must also show that at least twenty days before commencing the action, it notified defendants by mail of its intent to bring suit. Wis. Stat. § 943.245(4).[3] Plaintiff establishes that defendants

---

[1] "Whoever issues any single check or other order for the payment of more than $2,500 or whoever within a 90-day period issues more than one check or other order amounting in the aggregate to more than $2,500 which, at the time of issuance, the person intends shall not be paid is guilty of a Class I felony." Wis. Stat. § 943.24(2).

[2] "Whoever issues any check or other order for the payment of money given for a past consideration which, at the time of issuance, the person intends shall not be paid is liable under this section." Wis. Stat. § 943.245(6)(b).

[3] At least 20 days prior to commencing an action, as specified in s. 801.02, under this section, the plaintiff shall notify the defendant, by mail, of his or her intent to bring the action. Notice of nonpayment or dishonor shall be sent by the payee or holder of the check or order to the drawer by regular mail supported by an affidavit

3

violated § 943.245(6) by issuing thirty-six checks on accounts that defendants knew had insufficient funds in order to pay for prior deliveries of fuel. However, plaintiff fails to establish that it notified defendants prior to commencing suit. See Wis. Stat. § 943.245(4) (mailing of notice must be "supported by an affidavit of service of mailing").[4]

Therefore,

**IT IS ORDERED** that plaintiff's motion for summary judgment is **GRANTED** on its conversion and fraud claims and **DENIED** on its worthless check claim.

Dated at Milwaukee, Wisconsin this 1 day of December, 2009.

/s_____
LYNN ADELMAN
District Judge

---

of service of mailing. The plaintiff shall mail the notice to the defendant's last-known address or to the address provided on the check or order. If the defendant pays the check or order prior to the commencement of the action, he or she is not liable under this section.

[4] I note also that the most that plaintiff could recover for exemplary damages is $18,000 ($500 for each check). See Wis. Stat. § 943.245(3).