UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LAKESIDE OIL, INC.,
        Plaintiff,

    v.                                        Case No. 09C0030

DAVID VERNIER, BRANDEX, INC.,
FASGAS, INC., GRADE A-1 STOP, INC.,
and REDIGO CORP.,
        Defendant.

---

## DECISION AND ORDER

Plaintiff Lakeside Oil Co., Inc., a wholesale distributor of gasoline and related products, brings this action for fraud, conversion and issuance of worthless checks against defendant David Vernier and several gasoline stations he owns.[1]  I previously granted summary judgment to plaintiff on its claims for fraud and conversion, but denied summary judgment on its worthless check claim.  See Lakeside Oil, Inc. v. Vernier, 2009 U.S. Dist. LEXIS 120115 (E.D. Wis. 2009).  Plaintiff now brings this amended motion for summary judgment on its worthless check claim, also seeking to establish damages.  Defendants have not responded to the motion.

Plaintiff regularly delivered fuel to defendants on credit terms specifying that if defendants did not pay for the fuel within fifteen days of the delivery, supply would be cut off.  In September 2006, plaintiff ceased fuel deliveries to defendants because they were delinquent on payments totaling $162,572.37.  Defendants then issued thirty-six worthless

---

[1] Vernier is the sole owner and shareholder of defendant corporations Brandex, FASGAS, and Grade A-1 Stop.  Vernier is one of the owners and officers of Redigo Corp.

checks from the corporate defendants' accounts in that amount to induce plaintiff to deliver an additional $217,986.33 worth of fuel. Defendants did not pay for that delivery either.

Plaintiff's first claim is that defendant is liable to it in conversion for $162,572.37. To prove conversion, plaintiff must show that defendants intentionally took its property, without consent, and seriously interfered with its rights to the property. H.A. Friend & Co. v. Prof'l Stationery, Inc., 294 Wis. 2d 754, 763 (Ct. App. 2006). But here, plaintiff does not show that defendants took its property without consent because plaintiff in fact voluntarily delivered it to defendants. Therefore, plaintiff does not prevail on its conversion claim.

Plaintiff next relies on a worthless check claim to recover the face value of the checks, $162,572.37. See Wis. Stat. § 943.245(1m). I previously denied summary judgment on this claim because plaintiff failed to establish that it notified defendants of its intent to bring suit prior to commencing the action as required by § 943.245(4). Plaintiff now presents evidence that it complied with § 943.245(4) by way of a letter to Vernier, and I have already determined that defendants issued checks in violation of § 943.245(6).[2] However, § 943.245 does not create a cause of action against a corporation. See § 943.245(1m) (authorizing suits only against an adult or emancipated minor). Therefore plaintiff's worthless check claim against the corporate defendants must be dismissed. Vernier, on the other hand, is personally liable because he knowingly and actively participated in fraudulent acts. See Korhumel Steel Constr. v. Wandler, 229 Wis. 2d 395 (Ct. App. 1999) (corporate check signer may be liable for fraud or worthless check claim

---

[2] "Whoever issues any check or other order for the payment of money given for a past consideration which, at the time of issuance, the person intends shall not be paid is liable under this section." Wis. Stat. § 943.245(6)(b).

2

when he knows the corporate accounts contain insufficient funds, despite Uniform Commercial Code provision protecting those signing checks in a representative capacity from liability); See also Ford v. Wis. Real Estate Examination Bd., 48 Wis.2d 91, 102 (1970) (agency law does not insulate agent from liability for its torts); See generally John D. Perovich, Annotation, Personal Liability of Officers or Directors of Corporation on Corporate Checks Issued Against Insufficient Funds, 47 A.L.R. 3d 1250 (corporate officers personally liable for bad corporate checks based upon personal participation in fraud and knowledge of insufficient funds). Thus Vernier is personally liable in the amount of $162,572.37 for the thirty-six worthless checks he signed and falsely represented would make defendants' accounts current. Plaintiff is also entitled to exemplary damages, attorney fees, and costs ($18,000). Wis. Stat. § 943.245(2) - (3) (exemplary damages and reasonable attorney fees may not exceed $500 for each violation).

Plaintiff next argues that it is due $217,986.33 in compensatory damages under its fraud claim and that defendants are jointly and severally liable as conspirators. I have already determined that defendants are each liable for their fraudulent actions inducing deliveries of additional fuel resulting in damages worth $217,986.33.[3] Under the common law, a civil conspiracy is a combination of two or more persons acting together to accomplish some unlawful purpose, or to accomplish some lawful purpose by unlawful means. Onderdonk v. Lamb, 79 Wis.2d 241, 246 (1977). Plaintiff must show: (1) the formation and operation of the conspiracy; (2) the wrongful acts done pursuant thereto; and (3) the damage resulting from such acts. Id. Plaintiff satisfies all three elements.

---

[3]As stated above, Vernier is personally liable for the fraud he committed in service of each defendant.

3

Defendants clearly agreed to act in concert, through a common agent, to fraudulently issue worthless checks for the goal of inducing additional deliveries from plaintiff.

Finally, plaintiff argues that it is due $653,958.99 in exemplary damages under § 895.446(3)(a). Section 895.446(1) provides a civil cause of action for property damage or loss caused by crime, such as theft by fraud. A civil cause of action for theft by fraud is largely identical to plaintiff's common law fraud claim, except that § 895.446(3)(a) provides for recovery of actual damages, all costs of investigation and litigation, and exemplary damages up to three times actual damages. Plaintiff, however, did not bring a statutory civil cause of action under § 895.446(1) for theft by fraud. Instead, he chose to bring an action for issuance of worthless checks under § 943.245. See Wis. Stat. § 895.446(5).[4] Having pursued a common law fraud claim rather than a claim under § 895.446(1), plaintiff is not entitled to exemplary damages.

For the foregoing reasons,

**IT IS THEREFORE ORDERED** that Plaintiff's amended motion for summary judgment is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel is **DENIED AS MOOT**.

**FINALLY, IT IS ORDERED** that plaintiff shall recover from defendant Vernier $162,572.37 on its worthless check claim and $18,000 in exemplary damages. Plaintiff shall recover from all defendants jointly and severally $217,986.33 on its fraud claim.

---

[4] "No person may bring a cause of action under both this section and s. 95.195, 943.212, 943.245 or 943.51 regarding the same incident or occurrence. If the plaintiff has a cause of action under both this section and s. 943.212, 943.245 or 943.51 regarding the same incident or occurrence, the plaintiff may choose which action to bring. . . ." Wis. Stat. § 895.446(5)

Dated at Milwaukee, Wisconsin this 19 day of February, 2010.

/s_____
LYNN ADELMAN
District Judge